STATE OF NORTH CAROLINA v. JAY MELVIN QUINERLY

No. 803SC846

(Filed 3 February 1981)

**Robbery § 4.3— armed robbery of grocery store manager — sufficiency of evidence**

Evidence was sufficient to be submitted to the jury in a prosecution for armed robbery where it tended to show that a black male wearing a stocking mask over his face ran toward the manager of a grocery store who was leaving the store after closing; the man had a gun pointed at the manager; the manager, who was carrying an automatic pistol, turned and fired six times at the man who then fled; approximately an hour later police went to an apartment about six blocks from the store where they found defendant lying on the floor bleeding from gunshot wounds; the apartment was the residence of defendant's aunt; defendant was taken to the hospital where clothes he was wearing, including trousers and tennis shoes, were taken into custody by police; the tread pattern on the bottom of the tennis shoes was found to be similar to a footprint found near a mud puddle behind the store and to other footprints in the area; and no other shootings were reported that evening.

APPEAL by defendant from *Strickland, Judge.* Judgment entered 23 April 1980 in Superior Court, CRAVEN County. Heard in the Court of Appeals 15 January 1981.

Defendant was charged with attempted armed robbery in violation of G.S. § 14-87(a) and following a plea of not guilty, the jury found defendant guilty as charged. From a judgment imposing a prison sentence of "fifteen (15) years minimum, twenty (20) years maximum," defendant appealed.

*Attorney General Edmisten, by Special Deputy Attorney General Isham B. Hudson, Jr., for the State.*

*Ward and Smith, by Susan Henri Johnson, for the defendant appellant.*

HEDRICK, Judge.

We note at the outset that defendant has failed to follow many of the Rules of Appellate Procedure with respect to the preparation of the record on appeal and the appellant's brief. Counsel apparently has confused "assignments of error" with "exceptions." Nowhere in the record has defendant noted an exception, although in the record where an exception would ordinarily be noted, counsel has caused an "assignment of error" to be placed. Although defend-

ant purports to set out in the record ten "assignments of error," he has undertaken to bring forward and argue only eight. Only six of the assignments of error brought forward and argued in the brief are supported by an "assignment of error."

Defendant argues, apparently based upon "Assignments of Error Nos. 21 and 22," that the court erred in denying defendant's motion to dismiss. The State offered evidence tending to show the following: At approximately 7:45 p.m. on 1 October 1979, Glen Hale, owner and manager of a Piggly Wiggly grocery store in New Bern, North Carolina, and his wife were leaving the store after closing when a black male wearing a stocking mask over his face, a blue "jogging type sweater" with a hood, brown pants, and brown work gloves, ran toward them. The man had a gun pointed at Hale. Hale, who was carrying a .32 automatic pistol, turned and fired six times at the man, who fled. Approximately one hour later, police went to an apartment at 02310 Craven Terrace, about six blocks from the store, where they found defendant lying on the floor in the living room, bleeding from gunshot wounds. The apartment was the residence of defendant's aunt. On the living room couch, officers found a damp, dark blue hooded sweatshirt with a hole in it and a "browning red stain" on it. Defendant was taken to the hospital emergency room for treatment, where clothes he was wearing, including a pair of brown trousers, a pair of tennis shoes, and the sweatshirt were taken into custody by police. The tread pattern on the bottom of the tennis shoes was found to be similar to a footprint found near a mud puddle behind the store and to other footprints in the area. No other shootings were reported that evening, according to a police investigator. We hold that this evidence is clearly sufficient to require submission of the case to the jury and to support its verdict.

We have carefully examined defendant's remaining arguments which are supported by "Assignments of Error Nos. 1, 2, 3, 4, 5, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 and 20," and we find all to be without merit.

We hold that defendant had a fair trial free from prejudicial error.

No error.

Judges MARTIN (Robert M.) and CLARK concur.